IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KINDLE TAYLOR,<br>§ Petitioner,<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§ Respondent. | CIVIL ACTION NO. 4:07-CV-063-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Kindle Taylor, TDCJ-ID #1035442, is in custody of the Texas Department of Criminal Justice, Correctional Institutions, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By the instant petition, Taylor challenges a July 6, 2006 disciplinary proceeding conducted

at the Hughes Unit, and the resultant loss of 45 days recreation and commissary privileges and a reduction in class status from S-3 to L-2. (Disciplinary Hearing Record (DHR) at 1.) Taylor was charged in Disciplinary Case No. 20060311926 for fighting with another inmate. He suffered an injury to his eye during the altercation. (*Id.* at 4.) Taylor denied provoking or otherwise engaging in the fight. Following the disciplinary proceeding, Taylor filed Step 1 and Step 2 grievances contesting the guilty finding to no avail. (Disciplinary Grievance Record (DGR).) On January 19, 2007, Taylor filed this petition.

D. ISSUES

Generally, Taylor claims he was unjustly punished for being assaulted, and he requests that the disciplinary violation be removed from his prison record. (Petition at 7-8.)

E. RULE 5 STATEMENT

Quarterman does not believe Taylor's claims are barred on exhaustion or limitations grounds. (Resp't Answer at 3.)

F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993) Deprivation of good time credit stemming from a disciplinary violation entitles an inmate to minimum procedural due process before, during, and after the disciplinary proceeding.[1] However, to the extent the disciplinary proceeding resulted in the loss of recreation and commissary

---

[1] In this context, due process requires: (1) advance written notice of the claimed disciplinary violation; (2) a written statement by the fact finder as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

privileges and the reduction in line class status, which do not impact the fact or duration of confinement, these claims do not raise a federal constitutional question. *See Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996).

Because Taylor was not deprived of any good time credits as a result of the disciplinary proceeding, he cannot show he has been denied a constitutionally protected interest. Accordingly, Taylor is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Allen's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 21, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 21, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 30, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE